UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY R. o/b/o A.E.R.S.,

                Plaintiff,

      v.                                    **DECISION AND ORDER**

                                                               20-CV-474S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

      1.      Plaintiff Tiffany R.[1] brings this action on behalf of her child, Claimant A.E.R.S. ("Claimant") pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for supplemental security income under Title XVI of the Act for her child. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2.      This is the third judicial review of Claimant's claims, [Tiffany R.] o/b/o A.E.R.S. v. Colvin, Case No. 12CV1000 (Telesca, J.); [Tiffany R.] o/b/o A.E.R.S. v. Berryhill, Case No. 18CV15 (Telesca, J.). This is also the third remand of an ALJ's decision denying Claimant benefits.

      3.      Plaintiff protectively filed Claimant application with the Social Security Administration on September 16, 2008, for Claimant's supplemental security income (or "2008 application"). Plaintiff alleged Claimant was disabled beginning September 15,

---

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial and will identify the infant Claimant as "Claimant."

2008, due to attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD") (R.[2] at 17). Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

4. On November 16, 2010, ALJ William Straub held a hearing at which Plaintiff and Claimant—represented by non-attorney representative—appeared and testified. (R. at 31-63). Claimant was a preschooler on the application date and was in the first grade when ALJ Straub rendered his decision (R. at 17).

5. ALJ Straub considered the case *de novo* and, on December 6, 2010, issued a written decision denying Claimant's application for benefits. After the Appeals Council denied review, Plaintiff filed her first action seeking judicial review. Judge Telesca vacated and remanded ALJ Straub's decision, [Tiffany R.], No. 12CV1000, supra, No. 23, Order of Dec. 23, 2014 (R. at 471), 2014 WL 7358708 (W.D.N.Y. Dec. 23, 2014).

6. On September 4, 2012, Plaintiff filed a second application for Claimant due to ADHD and ODD (R. at 985) (or "2012 application"). This application was denied, and Plaintiff requested a hearing.

7. On April 24, 2014, ALJ Timothy Trost held a hearing at which Claimant and Plaintiff testified and Plaintiff was represented by counsel (R. at 385-411). ALJ Trost considered the case *de novo* and, on September 8, 2014, denied this application (R. at 985). After Judge Telesca remanded the first decision, the Appeals Council considered together the 2008 and 2012 applications (deeming the latter application to be duplicative of the first), vacated and remanded ALJ Trost's decision because of Judge Telesca's decision (R. at 495).

---

[2] Citations to the underlying administrative record are designated as "R."


8. Upon the remand of both applications, ALJ Timothy McGuan conducted a hearing on April 25, 2017, at which Plaintiff only testified while represented by counsel (R. at 367-84). ALJ McGuan then considered the case *de novo* and, on September 5, 2017, issued a written decision denying Plaintiff's applications (R. at 346, 1058).

9. Plaintiff filed a second action seeking judicial review, [Tiffany R.], No. 18CV15, supra, and the parties stipulated to remand the case, id., No. 8 (R. at 1079). The Appeals Council, on January 29, 2019, remanded the case to the ALJ to consider evidence arising from Claimant's 2012 application (R. at 1083).

10. Upon this remand, ALJ McGuan conducted a second hearing on November 26, 2019, at which Plaintiff and Claimant testified and were represented by counsel (R. at 904-24). Considered *de novo*, on December 26, 2019, ALJ McGuan issued another written decision denying Plaintiff's applications (R. at 890).

11. Upon this last ALJ decision, Plaintiff filed the present action seeking judicial review (Docket No. 1).

12. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 23, 27.) Plaintiff filed a response on June 8, 2021 (Docket No. 28), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

13. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there

has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 389, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

14.     "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

15.     For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as the Claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C).

16. Under the applicable regulations, the infant claimant must show that he is not working, that he has a "severe" impairment or combination of impairments, and that his impairment or combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924.

17. Functional equivalence of limitations, in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain (not claimed here) constitutes a functional equivalent to a listed impairment, id. § 416.926a(d). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme limitation, id. § 416.926a(b)(1).

18. "Marked" limitation for a domain is when a claimant's impairment(s) "interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s)

limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities," 20 C.F.R. § 416.926a(e)(2)(i).

19. Plaintiff bears the initial burden of showing that the impairment prevents Claimant from working. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

20. To determine whether an infant claimant is suffering from a disability, the ALJ must employ a multi-step inquiry:

> (1) whether the claimant is engaged in substantial gainful activity;
> (2) whether the claimant suffers from a severe impairment;
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations, as assessed for the six domains of infant functioning.

20 C.F.R. § 416.924(a)-(d); see 20 C.F.R. §§ 416.920, 416.972, 416.923, 416.926, 416.926a; see Berry, supra, 675 F.2d at 467. If a claimant is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. § 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

21. In the final decision, ALJ McGuan analyzed Claimant's claim for benefits under the process set forth above. At step one, the ALJ found that Claimant has not engaged in substantial gainful activity since the onset and application date of September 16, 2008, acknowledging that Claimant (born in 2004) was a school age child

when this final decision was rendered.  (R. at 891.)  This Court notes that Claimant will turn 18 years of age in January 2022.

22. At step two, the ALJ found that Claimant has the following severe impairment:  ADHD; ODD; adjustment disorder; mood disorder, major depressive disorder, disruptive mood dysregulation, generalized anxiety disorder.  (R. at 891; see also R. at 17).

23. At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 892-96.)

24. Applying the six infant functional domains and reviewing the evidence for both the 2008 and 2012 applications (cf. R. at 1081, remand by Appeals Council to consider 2012 application evidence), ALJ McGuan concluded that Claimant had less than marked limitation in acquiring and using information; attending and completing tasks; interacting and relating with others; and his ability to care for himself, while finding that Claimant had no limitations for moving about and manipulating objects and in health and physical well-being (R. at 892-93; see also R. at 20-25, 994-1000, 335-61 (previous ALJ decisions on functional domains)).

25. Accordingly, the ALJ found that Claimant is not disabled.  (R. at 896.)

26. Plaintiff argues, first, that ALJ McGuan did not state which Listing at Step Two he was evaluating the claims, frustrating any meaningful review of Claimant's condition (Docket No. 23, Pl. Memo. at 24-26).  Plaintiff next claims that there was no substantial evidence for the conclusion that Claimant did not meet the Listings, at Step Three and ALJ McGuan failed to explain his rationale for determinations of the degree of

limitation for the six domains (id. at 26-33). Plaintiff also faults ALJ McGuan for failing to evaluate Plaintiff or Claimant's credibility in the multiple hearings held for these applications (id. at 33-36).

27. For the reasons that follow, this argument is accepted.

28. This was ALJ McGuan's second decision in this case. In the earlier September 2017 decision (R. at 346), ALJ McGuan analyzed Claimant's impairments under Listings 112.08 and 112.11 (R. at 351). In the second December 2019 decision, however, ALJ McGuan stated he considered generically the Listing of Impairments "but the medical evidence does not establish that the claimant's impairment(s), individually or in combination, meet or equal in severity the criteria of a listed impairment" (R. at 891), without stating which Listing was considered. ALJ McGuan did not refer to the earlier September 2017 decision in the December 2019 decision.

29. In that September 2017 decision ALJ McGuan also gave a detailed recitation of the six functional domains (R. at 355-61). He came to different results as to those domains than in the second decision before this Court (compare R. 355-61 with R. at 892-93).

30. Below is a table comparing the domain findings from the first and second decisions:

| Domain | Sept. 2017 Decision | Dec. 2019 Decision |
| --- | --- | --- |
| Acquiring and Using Information | Less than marked limitation, R. at 355-56 | Less than marked, R. at 892 |
| Attending and Completing Tasks | Less than marked limitation, R. at 356-57 | Less than marked, R. at 892 |
| Interacting and Relating with Others | Less than marked limitation, R. at 357-58 | Less than marked, R. at 892 |
| Moving about and Manipulating Objects | Less than marked limitation, R. at 358-59 | No limitation, R. at 893 |

8

| Domain | Sept. 2017 Decision | Dec. 2019 Decision |
|---|---|---|
| Caring for Yourself | Less than marked limitation, R. at 359-60 | Less than marked limitation, R. at 893 |
| Health and Physical Well-Being | Less than marked limitation, R. at 360-61 | No limitation, R. at 893 |

31. Furthermore, the September 2017 decision was based only upon evidence supporting the 2008 application and not subsequent evidence for the 2012 application, hence the reason for the Appeals Council's remand (R. at 1081). ALJ McGuan in the December 2019 decision did refer to 2012 application evidence (R. at 894-96).

32. As Plaintiff argues, in the December 2019 decision ALJ McGuan did not evaluate specific Listings in Step Two or give rationale in Step Three for the domains. Instead, ALJ McGuan summarized the six domains in bullet points (R. at 892-93) without analysis. Unlike other infant claimant cases, Plaintiff could not identify which domain she believes ALJ McGuan erred in considering. This Court cannot tell why, for example, ALJ McGuan changed the findings for domains in moving about and manipulating objects from the 2017 to the 2019 decisions.

33. Defendant does provide rationale from the record to justify ALJ McGuan's last decision (Docket No. 27, Def. Memo. at 7-22). But this analysis was not furnished by ALJ McGuan and constitutes post hoc rationalization that must be rejected, see Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (reviewing Court "'may not accept appellate counsel's post hoc rationalizations for agency action,'" quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962)).

34. Thus, Plaintiff's Motion for Judgment (Docket No. 23) is granted.

35. As stated at the outset, this is the third judicial review of Claimant's applications. Plaintiff merely seeks remand for further proceedings (Docket No. 23, Pl.

Memo. at 36; Docket No. 28, Pl. Reply at 7) and does not seek remand for calculation of benefits. With the extensive administrative and judicial history of these claims before the agency and this Court, remand for calculation of benefits might be considered. That relief, however, is not appropriate here.

36.     If a plaintiff prevails, this Court either may remand for rehearing and further administrative proceedings or remand for the Commissioner to calculate benefits, 42 U.S.C. § 405(g). For calculation of benefits, the ALJ's error must be so obvious that the Court in effect declares Claimant to be disabled and remands the matter for calculation of the amount of benefits, Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), or where there is no reason to conclude that additional evidence might support the Commissioner's denial of disability, Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004).

37.     Where there are gaps in the administrative record (which is not apparent here or argued by Plaintiff) or when the ALJ has applied an improper legal standard (as here), remand to develop the record is appropriate rather than for calculation of benefits, Butts, supra, 388 F.3d at 385; Parker, supra, 626 F.2d at 235.

38.     Thus, consistent with Plaintiff's motion (Docket No. 23, Pl. Memo. at 36; Docket No. 28, Pl. Reply at 7), this matter is remanded for further administrative proceedings to develop the record to determine whether Claimant is in fact disabled.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 23) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 27) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:  August 23, 2021
        Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge